UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANN HEBERT, ET AL                                              CIVIL ACTION

VERSUS                                                         NO. 07-3705

STATE FARM MUTUAL
INSURANCE COMPANY                                              SECTION "T" (1)

### ORDER AND REASONS

Before the Court is State Farm Insurance Company's Motion to Dismiss requesting Plaintiffs' claims for statutory penalties and attorneys fees under the amended version of LSA-R.S. § 22:658 be dismissed for failure to state a claim pursuant to FRCP 12(b)(6). Rec. Doc. 5. Plaintiffs collectively filed an Opposition to the Motion. Rec. Doc. 14. The Motion came for hearing on November 15, 2007 and was submitted on the briefs without oral argument. The Court, having considered the memoranda and arguments of the parties, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.      BACKGROUND**

On July 17, 2005, Ruby Gonsoulin was a passenger in a vehicle operated by Joyce Lasseigne when Darrill Ratcliff ran a red light striking the Gonsoulin and Lasseigne vehicle. Rec. Doc. 1 at p. 2. Gonsoulin did not survive the accident and her children bring the instant action for survival

and wrongful death damages under Louisiana law.[1] Prior to suit being filed, the insurers for Lasseigne and Ratcliff paid their respective policy limits. Rec. Doc. 1 at p. 3. The Complaint alleges that State Farm Insurance Company, the sole defendant herein, provided Gonsoulin with a policy of uninsured/underinsured motorist coverage and an umbrella policy which policies allegedly provide coverage for the damages prayed for in this action. Rec. Doc. 1 at pp. 3-4. Plaintiffs urge that satisfactory proof of loss and amicable demand were made to State Farm Insurance Company (hereinafter, "State Farm") to no avail. Rec. Doc. 1 at p. 4. Thus, Plaintiffs' seek, pursuant to LSA-R.S. 22:658 and/or LSA-R.S. § 22:1220, statutory penalties and attorneys fees for State Farm's alleged arbitrary and capricious actions and its failure to fairly and promptly make a good faith and reasonable effort to settle the claims. Rec. Doc. 1 at p. 4.

State Farm filed the instant Motion to Dismiss arguing that Plaintiffs cannot state a claim under the 2006 amended version of LSA-R.S. § 22:658 because their cause of action accrued on July 17, 2005, the date of the accident. Because this date is prior to the August 15, 2006, effective date of the newly amended version of LSA-R.S. 22:658 and because the statute's amendments do not apply retroactively, State Farm urges that the version of the statute in place on the date of the accident applies. As such, State Farm argues Plaintiffs cannot state a claim for 50% penalties nor for attorneys' fees. Rec. Doc. 13, State Farm's Memorandum in Support.

Plaintiffs' Opposition provides that their cause of action against State Farm for its alleged arbitrary and capricious conduct as well as its breach of its duty of good faith and fair dealing

---

[1] The action was originally filed in this Court based upon diversity of citizenship jurisdiction pursuant to 28 USC § 1332. A Motion to Remand was not filed.

accured approximately six (6) months after the August 2006 enactment of the amended version of LSA-R.S. § 22:658.  Rec. Doc. 14.  Plaintiffs' Opposition urges that they requested State Farm provide them with copies of the requisite policies and declarations pages for many months after the subject accident with no success.  Rec. Doc. 14 at p. 2.  After not receiving any written documentation on the policies, Plaintiffs provide that they submitted a formal proof claim on January 17, 2007, requesting benefits under any applicable policy.  Rec. Doc. 14 at p. 2.  Plaintiffs urge that it was not until after this formal proof of claim was filed that State Farm began to undertake its investigation into the claim at which time it made payments on January 26, 2007, February 16, 2007 and June 11, 2007.  Rec. Doc. 14 at pp. 2-3. Accordingly, Plaintiffs urge that all of the relevant events as to State Farm's liability for penalties under LSA-R.S. § 22:658 accrued after August 15, 2006, and therefore, the amended version of that statute applies allowing them to recover, if applicable, a 50% penalty and attorneys fees.  Rec. Doc. 14 at pp. 4-6.

**II.     LAW AND ANALYSIS**

Dismissal  pursuant to FRCP 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  The Fifth Circuit has pointed out the proper inquiry on at Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Lowery*, 117 F.3d at 247, citing 5

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969). Accordingly, in deciding a FRCP 12(b)(6) motion, the Court must look to only the allegations in the Complaint..

### A. RETROACTIVITY OF THE 2006 AMENDED VERSION OF LSA-R.S. § 22:658

The Court initially notes that there has been no finding by the trier of fact that State Farm has acted arbitrary, capricious or without probable cause in failing to pay Plaintiffs' claims after satisfactory proof of loss or in failing to offer to settle a property damage claim within thirty (30) days after Plaintiffs submitted satisfactory proof of loss. *See* LSA-R.S. § 22:658. Accordingly, any discussion of the applicable penalties attributable to State Farm in handling the claim is premature. Nevertheless, State Farm has brought the instant Motion to Dismiss for the Court to decide the issue based upon the facts as alleged in the Complaint and thus, in the interest of judicial efficiency and economy, the undersigned decides the issue at this time.

Plaintiffs do not dispute that the 2006 Amendments to LSA-R.S. § 22:658 are not retroactive but rather assert that the statute applies prospectively to causes of action that accrued after the newly enacted amendment's August 15, 2006 effective date. Rec. Doc. 14. It is clear from the opinions of the Judges of this District that conduct which solely occurred pre-amendment is not susceptible to the increased penalties and the attorneys fees provision in the 2006 amended version of LSA-R.S § 22:658 and therefore, the statute does not have retroactive application. *See Empire Inn, LLC v. State Farm Fire and Casualty Company, 2007 WL 2751203 (*ED La. 9/18/2007)(Zainey, J); *Conlee v. Fireman's Fund Insurance Company, 2007 WL 2071860* (ED La. 7/17/2007)(Barbier, J*); Ferguson v. State Insurance Company*, 2007 WL 1378507 (ED La. 5/9/2007)(Berrigan, J); *Espesito v. Allstate Insurance Company,* Civil Action No. 06-1837 (ED La. 4/16/2007)(Zainey, J.); *Weiss v.*

*Allstate Insurance Company,* 2007 WL 1017341 (ED La. 3/28/2007)(Vance, J). Further support for non-retroactivity is found in state court jurisprudence dealing with prior amendments to the statute and holding that those amendments, similar to those at issue here, were not retroactive. *See Lewis v. State Farm*, 41,528-529 (La. App. 2nd Cir. 2006); 946 So 2d 708, 728-29; *Geraci v. Byrne*, 06-58 (La. App. 5th Cir. 6/28/2006); 934 So. 2d 263, 267; *Francis v. The Travelers Insurance Company, et al.* 581 So. 2d 1036, 1044 (La. App. 1991); *Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, et al.* 554 So. 2d 1347, 1354 (La. App. 1st Cir. 12/19/1989). The Court agrees with State Farm's arguments and the long list of precedent finding that the 2006 amendments to LSA-R.S. § 22:658 are not retroactive. The undersigned adopts the reasoning pronounced in the above-referenced opinions and finds that the 2006 amendments to LSA-R.S. § 22:658 are clearly substantive in nature and thus, should not be applied retroactively.

### B.   WHETHER THE 2006 AMENDMENTS TO LSA-R.S. § 22:658 APPLY PROSPECTIVELY.

The 2006 amendments to LSA-R.S. § 22:658 apply prospectively to causes of action for bad faith which accrued after the August 15, 2006, effective date. This Court first notes that this suit was filed on July 12, 2007. Thus, any conduct of State Farm after July 12, 2007 shall not be looked at in determining the accrual date of Plaintiffs' cause of action under LSA-R.S. § 22:658. *See Premium Finance Company v. Employers Reinsurance Corp.*, 761 F. Supp. 450, 452 (W.D. La. 1991)(holding that once the suit is commenced, any actions by the insurer is not viewed in assessing whether the penalty statute is applicable). *Accord Husseiny v. Indep. Fire Ins.,* 1996 WL 637547, *6 (E.D. La. 11/1/96)(Porteous, J)(finding that post-litigation conduct of an insurance company shall not be considered in assessing whether the penalty provisions of LSA-R.S. § 22:1220 are applicable).

The controlling inquiry is whether the Plaintiffs' cause of action or right came into existence before or after the effective date of the 2006 amendment. The right to the penalty asserted under LSA-R.S. § 22:658 comes into existence when satisfactory proof of loss is submitted and the claim is not paid after the passage of time period enumerated in the statute. *Francis v. Travelers Ins. Co.*, 581 So.2d 1036 (La. App. 1st Cir. 1991). In *Francis*, there was no evidence in the record regarding the date satisfactory proof of loss was made to the insurer; however, the record did reveal evidence of a June 2, 1986 letter from the plaintiff to the insurer attaching the medical records which made the basis for his claim. Using that date as the date the proof of loss was submitted, the court noted that sixty (60) days later the cause of action under LSA-R.S. § 22:658 for penalties arose when no payment was made. Because plaintiff's action for penalties arose after the June 26, 1986 effective date of the statute, the newly amended 10% penalty applied and not the older 12% penalty in place when the suit was filed. *Francis,* 581 So. 2d at 1044.

The *Francis* approach was followed by the Louisiana appellate courts in *Geraci v. Byrne*, 06-58 (La. App. 5th Cir. 6/28/2006); 934 So. 2d at 267 and *Lewis v. State Farm*, 41,528-529 (La. App. 2nd Cir. 2006); 946 So 2d 708, 728-29[2] wherein both courts held that the time when the cause of action arises under LSA-R.S. § 22:658 is determinative of which version of the statute applies. The cause of action arising when satisfactory proof of loss has been made and no payment has been tendered in the proscribed time limits. *Accord Gulf Wide Towing, Inc. v. F.E, Wright (U.K.) Limited,* 554 So. 2d 1347, 1354 (La. App. 1st Cir. 1989)(finding that claim under LSA-R.S. § 22:658 comes into existence once satisfactory proof of loss has been submitted and no payment has been

---

[2]In those cases, the 2003 amendment to LSA-R.S. § 22:658 which eliminated from recovery attorneys fees was at issue.

made in the sixty (60) days thereafter.  The version of the statute in place on that date controls the applicable penalties).

Similarly, in *Madere v. State Farm Fire & Casualty Company*, 2007 WL 165553 (ED La. 6/5/2007), Judge Duval found that "an insured's right to penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss."  *Madere,* 2007 WL 165553 *citing Francis*, 581 So. 2d at 1044.  "The critical factor in determining the applicability of the amendment to § 658 is not whether the suit was filed prior to the effective date of the amendment, ...but rather whether the thirty day period within which State Farm had to pay the claim, trigger[ed] by its receipt of the "satisfactory proof of loss," expired on or after August 15, 2006." *Madere*, 2007 WL 165553  (ED La. 6/5/2007).

The analysis in the aforementioned cases has been applied in actions involving the application of the enacted version of LSA-R.S. § 22:1220.  In *Manuel v. The Louisiana Sheriff's Risk Management Fund*, *et al.* 664 So. 2d 81, 87-88 (La. 1995), the Louisiana Supreme Court decided that the cause of action that gave rise to the litigation under LSA-R.S. § 22:1220 was the failure of the insurer to pay the settlement funds within thirty (30) days after the settlement was reduced to writing.  Because the statute had prospective application only, it was of no consequence that the insurance policy and the accident pre-dated the statute since the conduct which exposed the defendants to liability (i.e. failure to timely pay the settlement) occurred after the statute became law.  *Manuel,* 664 So. 2d at 87-88.  Thus, the critical time period was when the cause of action arose.

The undersigned has also previously held in line with the precedent discussed above.  In *Kiefer v. State Farm Mutual Automobile Co.*, 1999 WL 147673 (ED La. 3/11/99)(Porteous, J), the

issue was whether LSA-R.S. § 22:1220, effective on July 6, 1990, applied to an insurer's conduct which continued after the statute's effective date. In *Kiefer*, the undersigned found that the insured had been complaining of the bad faith conduct since 1989 (pre-enactment) and specifically rejected the argument that if the bad faith continued past the July 1990 effective date, that the statute would be applicable to conduct occurring pre-enactment. Relying on *Manuel*, this Court agreed that if the alleged bad faith occurred (i.e. began) after the effective date of the statute, such as when a settlement is reached and not funded within thirty (30) days, then the statute would apply prospectively to such a claim. However, because it was clear that State Farm's failure to make any tender began in 1989 and continued after the statute's enactment, the statute was not applicable to the pre-amendment facts of the case. *Kiefer,* 1999 WL 147673 * 7. *Accord Rusch v. Cook,* 619 So. 2d 122 (La. App. 1st Cir. 1993)(refusing to impose a substantive obligation on the insurer retroactively simply because settlement efforts were "continuing" after the effective date of the act).

The instant matter is a Motion to Dismiss in which the Court must determine whether the allegations in the Complaint, accepted as true for purposes of the Motion, state a claim for penalties and attorneys' fees under the amended version of LSA-R.S. § 22:658. Plaintiffs allege in their Complaint that they made repeated requests to State Farm for confirmation of coverage and that such was not made to them until late 2006 or early 2007 and that it was not until that time period that State Farm acted in violation of LSA-R.S. § 22:658. See Rec. Doc. 1 at pp. 3-4. These allegations suggest that Plaintiffs provided State Farm the requisite satisfactory proof of loss and fully apprised them of the claims sometime after the August 2006 effective date of the amended version of LSA-R.S. § 22:658, i.e. late 2006 or early 2007. Accepting the allegations in the Complaint as true for purposes of this Motion, the Court finds that Plaintiffs have stated a cause of action for the 50%

penalties and attorneys fees under the revised version of LSA-R.S. § 22:658 as the relevant events leading to this suit against State Farm for alleged arbitrary and capricious conduct are alleged to have occurred after the August 15, 2006, effective date.  Accordingly, State Farm's Motion to Dismiss for failure to state a claim for penalties and attorneys fees under the revised version of LSA-R.S. § 22:658 is **DENIED.**

The Court notes that the instant Motion is not one for Summary Judgment pursuant to FRCP 56 but is one to dismiss a complaint for failure to state a claim and therefore, the Complaint only is reviewed.  This ruling does not preclude either party from filing a Motion for Summary Judgment on this issue at a later time.  Reviewing the allegations in the Complaint in the light most favorable to the plaintiff and with every doubt resolved in their behalf, the Complaint states a valid claim for penalties and attorneys' fees under the revised version of LSA-R.S. § 22:658.  For the foregoing reasons, State Farm's Motion to Dismiss pursuant to FRCP 12(b)(6) is **DENIED.**

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss (Rec. Doc. 5) is **DENIED.**


New Orleans, Louisiana, this 30th day of November, 2007.

 **UNITED STATES DISTRICT JUDGE**
 **G. THOMAS PORTEOUS, JR.**